May it please the court, counsel. My name is Christopher Hagenow. I represent the plaintiff appellants in this case, Christopher White and Refco II, LP. This case arises pursuant to two federal statutes, 18 U.S.C. 1005 and 12 U.S.C. 503. This case was dismissed by the district court pursuant to Rule 12b-6 for failure to state a claim. That district court ruling was based primarily upon this court's ruling in Brown Leasing v. Cosmopolitan Bank Corp. I thought the brevity with which you mentioned your client's criminal process was surprising. Aren't you really just making a collateral attack on his conviction? We're not, Your Honor. Because the issue of whether or not these defendants created false statements has not really been litigated before. You could have convicted Mr. White of the crime that he was convicted of and not have. And what crime is that? He's been sentenced for fraud on a financial institution. For what? Fraud on a financial institution. Are you saying he never would have been prosecuted had the bank officers not made the false statements? I'm saying that he may well have been prosecuted. In fact, he could have been convicted even without those false statements due to the presentation of the $500,000 check. However, that doesn't absolve these defendants from having created these false statements and actually caused further damage to Mr. White and to the other plaintiffs. What's the further damage? Well, Mr. White now has served his sentence and he's completed all that. But he has no ability to conduct the business that he was in before. But that's because of his conviction, right? We don't think it is just because of his conviction. It's because of this ongoing harm because there have been records created about what he allegedly did, which we believe he never pledged. What do you mean allegedly did? Well, there's no question that he presented a check and it was $500,000. So why do you call it alleged? Well, the alleged part is that they created records that said that he transferred the money or ordered that the money be transferred from the REFCO account to the PPUSA account. And the evidence will be that that, in fact, did not occur. So that part is alleged. So you're saying that the mere fact that he drew, that he knowingly wrote a $500,000 check on an account with $1,000 in it would not have precluded him from, would not by itself present the bars that he is now suffering. I agree. That is exactly what we're saying. That's what you're saying. Okay. And in other words, this case is about the ongoing result of false statements made by the bank officers that somehow create something worse than his conviction for him. That is correct, Your Honor. And how is that? What is the additional cost that he's sustained from these false bank records? Well, he now has no ability to really conduct any bank business at all in his name with businesses that he's associated with because of these false statements and reports that were created. Well, what about his conviction? Isn't that gonna bar him from the banking business? It may or may not. It may not? Why not? Who's gonna hire someone like this to work in a bank? Well, he was not a banker, Your Honor. Well, does he have evidence that there were opportunities available to him that were then pulled away because of the bank's false statement as opposed to his check? We haven't had a chance to develop those in this case, but I can tell you, I mean, this obviously happened back in 2008, and he has long since satisfied the criminal sentence. And ongoing, yes, he is running into problems here and there, but. And he believes that those problems are the result of the bank's false statement back in 08. Yes. Yes. Well, what exactly was the effect of the bank's false statement that was independent of his fraud? Well, his, remember, he presented the check at a time he was at a real estate closing, thought the check was going to be good. It ultimately turned out not to be good. We know that, we can't dispute that. To be convicted for fraud on a financial institution, which is what he was convicted of, it may well be enough that he presented that check at a time when that account did not have sufficient funds in it. As we read the Indiana statute, that may be enough in and of itself for him to be convicted of the crime that he was convicted of. You're saying that there didn't have to be evidence that he knowingly presented a bad check. He could have presented a bad check that he believed to be okay and would have been criminally convicted for that? I believe so, Your Honor. So there's no mens rea? You don't understand there to be a mens rea requirement for that kind of a bank fraud? I believe, well, the bank statute of fraud, or not the bank statute of fraud, I misspoke, excuse me. The statute for a fraud on a financial institution talks about using a scheme or artifice to try to defraud a bank or obtain credit from a bank. And I believe that through the presentation of the check that he presented, that could be enough for him to be convicted. But that's different than these bankers having made all these false statements and created these false reports trying to further implicate him, saying he was the one that asked that the money be transferred from one of his company's accounts. I don't understand. What is the incremental effect of those false statements on his conviction and its consequences for check hiding? What was the, I'm sorry, the incremental effect? What's the incremental effect on him of the bank false statements? Because the bank has created the false statements in which they are saying. I'm sorry. What harm did it do him beyond the harm he did himself with his check hiding? Well, again, if the $500,000 check had stayed right where it was and not been transferred by the bank employees, all that would have happened is that check would have been rejected and sent back to the Rothschild bank. This is why I asked you whether you're making a collateral attack on the conviction. Now, what I just heard you say, if I understood correctly, is that the only reason he got into trouble was the bank fraud. That's what you've said. And this is not the way in which you attack a conviction. I agree with that, Your Honor. It is not the way. Maybe it's corpus or what have you, not this. So I don't know what you're trying to do. What we're trying to do is to utilize the statute 503 that imposes the personal liability on the officers and directors of a federally chartered bank or a federally insured bank, excuse me, for making false statements that cause damages to other people. But what damage did the false statements cause him given that he was kiting checks? Well, we disagree with the representation that he kited checks, but be that as it may. Well, are you gonna question his conviction now? No, we are not. We are not here to question his conviction. Well, wasn't it check kiting? What was it? There was a check kiting count brought. I don't remember if there were three counts brought, but ultimately the sentence was, and the conviction was, all rolled into fraud on a financial institution. Okay, so he's convicted of fraud. And what incremental harm did the bank officer's frauds that you're complaining about do to him? Well, I don't think- How does he worse off because of that? Well, honestly, I think part of that would be developed through this case in the court. No, you have to, when you go into a case, you have to have some conception of what the harm to your client was. And I thought I'd- Now, what is it? The harm is that there are these official bank statements and reports that have been created that said he asked that money be transferred from one account to another, knowing that there wasn't sufficient funds in the first account. And that's simply not the case. Well, I don't understand. That sounds exactly like what his offense with the $500,000 check was. I don't agree. We're not disputing that the $500,000 check was deposited. And he wrote it at a time when, at the time that it was written, he knew that there weren't sufficient funds in there. But you're suggesting he could have been criminally convicted for that, even if he believed in his heart that the account had $500,000 in it, he wasn't doing anything wrong. But even if that's true, I think the argument you're making is that he now suffers worse because what the bank did with that check is move it from one account to another to pay some payroll. And that second step is what is somehow standing between him and some amorphous employment opportunity now. Now, you're saying that you'd like the opportunity to develop that by way of discovery, but surely by now he knows, because he knows when he's sought out opportunities that what's standing between him and those opportunities is not the $500,000 check that he wrote, but the misdirection of that check on part of the bank. Yes, Your Honor. And so who got the cash when the check was cashed? The, what happened was the 500,000, well, 425 of that was transferred by the bank into a payroll account for PPUSA. Right. And that went out in the form of employee paychecks. There's nothing in the record. Well, how did that hurt your client? How did it hurt? What the bank did with that money? How did it hurt your client? What hurt my client is the fact that they transferred the money and used it for a, to fund that payroll, which they had already agreed to fund. But I don't understand. How does that hurt him? What they do with the money? It's not necessarily what they did with it, but what they reported actually happened with the money. Okay, how did, okay. So they made a false report about the money. How does that hurt him? Because they have now reported that he put in a phony check or a rubber check and asked that, and directed that money be transferred from one account to the other. And he never asked for that money to be directed from one account to the other. So what is this, a slander suit or something? It is not a slander suit. It's brought under 503. We're saying that he sustained damages in consequence of. But his only damages was from a misrepresentation of what he had said. A misrepresentation by the bank officers and directors, yes. Well, that sounds like defamation. We're bringing it pursuant to that very specific statute. This is not a defamation case. Well, what kind of damages could he possibly get for that? Well, those will be developed through the discovery. But yes, we have an idea because he has an inability. What is the idea? Excuse me? What is the idea? He has an inability to continue in his career as a real estate developer. Because the money went to one account rather than another. Why does that affect him at all? He didn't cause it to go to one counter place or another. But the bank officers and directors either made reports or assented reports that said he did. He didn't transfer it, but they all said he did. And it's just hard for me to imagine anybody telling him, Mr. White, it's really not that you wrote a $500,000 check on an account that had no money in it. It's instead the fact that when the check got to the bank, the bank put it in a different account that you control. It's just hard for me to imagine that that would make a difference to some employer, somebody who otherwise has an opportunity available to him. Remember that the pleading standard is plausibility. That just doesn't strike me as plausible. There's some opportunity out there that he's been denied, not because of his rubber check, but because the bank misdirected the check or lied about what they were doing with the rubber check. Okay, I understand your point, Your Honor. All I know is from his own experience is the damages he sustained and continues to sustain. So the bank said that he had wanted them to put it in some payroll account and really it was their decision. So where should it have gone? Was it improper for it to go into a payroll account or was it just the complaint is that he told them to do that and he didn't? If I understand Your Honor's question, I apologize. There's no doubt that the money was deposited or the check was deposited into the REFCO account and that was the way it was supposed to. Was that proper? That was proper. That was done properly. So the only complaint is that he told them to do that? That he told them to transfer it, you mean? The complaint is, there's a couple of layers to it and we haven't had a chance to go into it, but the evidence will be, we believe, that the bank had already made the decision to fund the payroll prior to them even knowing there was going to be a check deposit. So you're familiar with that. So we feel they did that on their own to cover a decision they'd already made without the knowledge of Mr. White and without even knowing there was going to be a check there at any point. To fund the payroll. To fund the payroll. So had that all been accurately reported, then it would be a completely different situation, but that's not what happened. But how is he hurt by the fact that he is credited or blamed or something with the money going to the payroll, even though that's a perfectly proper use of money? He is harmed by the false reporting that was created to justify what these bank officers and directors did in transferring the money. So what I want to know is, what rule do you want us to come up with? Because we already have a precedent that says that when you have false statements in bank records, when it's illegal or you sue on it civilly, the plaintiffs have to rely on the alleged false statements. Now here we know the prosecutors relied on it, but the plaintiffs didn't rely on the false statements. So what kind of rule would you like us to come up with? Honestly, we would like- In order to rule in your favor. Sure. We believe that this court's ruling in Brown leasing, when it said that you have to have this detrimental reliance by the plaintiff, that that goes too far because section 503 does not contain that element of detrimental reliance. In fact, the word rely or reliance does not appear anywhere in that statute. So you would say that there should be no, you would read out any reliance requirement? Yes, Your Honor. Just as long as you show harm. You still have to show approximate cause, but not reliance. I'm still lost in how he could be harmed by being said to be the author of the decision to use this money to pay for the payroll, when there's no impropriety in using the money for that. Well, there would be impropri- So he's not being blamed for doing something unlawful. He's being blamed for ordering the transfer of money when he knew that the $500,000 check, when written, did not have sufficient funds. That's what he's being blamed for. Why is that blame? I don't understand. Because the statements and reports created by the bank officers say that he did that. He hoodwinked us. So did the bank sue him? Did the bank sue your client civilly? Civilly, yes. And so has, and that judgment has been entered against him? Yes. And for that full amount? He had a number of different relationships with NBI, or National Bank of Indianapolis. And so when you say the full amount, honestly- Well, let's just take what we're talking about here, the 420. Well, it wasn't, I don't think it was for the 425, because after they reversed that and collected monies from other accounts and did everything else on which he was a personal guarantor, I don't honestly know what that actual amount turned out to be, but yes, there was a civil suit of NBI versus Christopher White. So why wasn't this suit brought as a counterclaim? Right. Well, because this suit is not against NBI, and 50, or I'm sorry, 1005 and 503 is not for a suit against the bank, it's for the directors and officers, and they were not parties to the collection action. Well, why could he couldn't, so he couldn't bring them in? For example, as a third party? That would be like an affirmative, sounds more like an affirmative defense on his part. You know, no, I wasn't responsible for this 420 going.  Correct. But that's different, I agree, Your Honor. It wasn't raised in the civil suit at all as a defense? I don't know if it was raised as a defense or not. I was not counsel to him at that time, but I do know that none of the defendants in this case were parties to that other case. Oh, I understand that, but if you're saying you're putting the finger on them, I just don't understand why they wouldn't be brought in. Well, I think under whatever loan agreements and other account arrangements he may have had with NBI, the entity, he may well have been liable under those because of various defaults that may have occurred. That is a different question to whether or not... You're saying it wasn't, in fact, an affirmative defense because it wasn't a defense to his wrongdoing. It was, well, I say wrongdoing. He may well have owed money. Wrongdoing vis-a-vis the bank. It wasn't a defense to the claims they were making against him. Right, because he still could have owed money under the loan agreements, absolutely. Okay, well, thank you, Mr. Hagenau. So, Mr. Jordan? May it please the Court, Arbrock Jordan on behalf of the defendant officers and directors of the National Bank of Indianapolis. The district court's grant of the defendant's motion to dismiss Mr. White's complaint should be summarily affirmed because the district court properly relied upon the controlling precedent established by this court in Brown leasing in holding that the complaint failed to state a claim upon which relief can be granted because Mr. White did not plead the requisite. It's very odd, though. The statute doesn't say that. The statute does not. What's the basis on which our courts have said that reliance is required? It has always been the function of the courts to determine whether a party. We're not supposed to just add language to statutes. No, but you are supposed to determine whether a plaintiff has the requisite standing to bring a cause of action. The statute seems to say everything you need to say in a statute. But it says the harm must be sustained in consequence of the records at issue. Yes, but you can have consequences from fraud without reliance on it. Well, the cases have- It's one thing if the fraud consists of lying to you. It's another matter if the fraud is lying to someone else, but you're in the line of fire. The cases have universally distinguished between harm sustained as a result- But why? Why do they want to make that distinction? Because it is a matter of who the duty is owed to. If I purchase stock in a bank, and then down the road- How can I understand your duty owed to? If you harm someone, the harmed person gets to sue. Why shouldn't that be true with a fraud, even though you're not the actual person who is deceived by it? Someone who is deceived then whacks you, and the responsibility goes back to the person who committed the fraud that deceived the person who harmed you because of the deception. In this case, the alleged harm arises from the conviction, not from the alleged fraudulent documents, but in general, you would not want to do that because you would have potentially millions of unintended third-party beneficiaries who would now have direct causes of action against our banks. Let's assume that I'm- What's wrong with that? Well- That's called a class action. If I'm an investor in a mutual fund, and the mutual fund manager invests all of our money in a bank based upon a record that turns out to be false, each and every individual in that mutual fund should have a direct claim against the bank, although we never knew that our money was invested in that bank, much less was done so based upon a false report. It's the people who read and rely upon the report and make the investment decision predicated upon that who have the requisite standing. That's what the cases of each of all of them say. That's completely arbitrary. Anyone who's hurt should have standing. Well, let's turn to the question about whether Mr. White was hurt. Mr. White, understand that this is a two-part transaction. REFCO has an account at the bank, and then it has an impressed payroll account. Reverse wire requests come in, and the money from the REFCO account is supposed to be moved over to the payroll account. When the payroll request comes in, the REFCO account didn't have enough money to cover it. The criminal trial found, and it was affirmed on appeal, that NBI talked to Mr. White, and he said, float me the money, I'll send you a check. Now, Mr. White wants to take issue with that for purposes of this litigation, and that's fine. Let's assume that what he's alleging is true. The bank didn't call him. The bank decided on its own, we're going to make that provisional credit, and then he's going to give us a check later in the day to cover it. If, in fact, they did that, the harm that was sustained didn't result from the decision to move the money, which all that did is cause an overdraft. Mr. White wasn't convicted of having an overdrawn account. He was convicted because he decided to remedy that overdrawn account by providing a $500,000 check written on an account that he knew never contained more than $1,000. That's why he was charged with and convicted of three counts, theft, bank fraud, and fraud on a financial institution. At sentencing, those were all merged into one, but he was convicted of all three. So the harm that he wants to talk about is predicated solely on his decision to write a bad check. He would like the court to believe that it's one and the same, but it's clearly not. But, OK, that's your reliance issue, but I'm struggling. Maybe you're the wrong person to ask, but I don't understand exactly how he is harmed by what the bank did. Yeah, I don't think anyone understands that, including his counsel. At best, if the bank did everything that they're being accused of, all they did is make a unilateral decision to fund a payroll request, which caused an overdraft. And that situation could have been remedied in a number of ways. Mr. White could have told the bank, you fund it. You made the decision. Fund the difference. Or he could have done nothing. Let the bank come after him for the difference, for an overdrawn account. But he made a decision to write a bad check, for which he was convicted. Of course he can't get back into the development business, because no bank will work with him, because he has a felony conviction for fraud on a financial institution. That's where his harm comes from, not from any action or inaction that the bank took. One of the reasons that we've requested this court, in addition to affirming the decision of the district court, but to take the next step and award us attorney's fees for frivolous appeal, is that the arguments that have been presented to alter the decision in Brown leasing amount to nothing more than, the statute doesn't say reliance. Well, we know that. No one's ever argued that it has to. We have consistently advised both the district court and this court that this is a standing issue. Counsel has chosen not to even address the issue of standing until their reply brief. And then their only argument was, third party reliance should be sufficient. Well, there's absolutely no authority for that position. And federal rule of appellate procedure 38, in addition to allowing sanctions when the outcome is foreordained, also allows them when the appeal is made for purposes of bad faith for harassment. And we would respectfully submit that that's what's occurring here. Mr. White wants to punish the people at the bank who provided the report to the prosecutors and who testified against him at his criminal trial. This occurred in 2008. In the seven years since that time, the National Bank of Indianapolis has been in litigation with Mr. White in one form or another. First, we sued him civilly. Then he filed bankruptcy. Then we had an adversary proceeding in the bankruptcy in order to get a non-dischargeable judgment. During that adversary proceeding, Mr. White raised the same timing argument as a defense. I'm not liable. The bank moved the money without my knowledge or consent. And Judge Metz, in rejecting that argument, said that timing argument provides you no safe haven because it's irrelevant. It doesn't matter whether the bank moved the money before or after you provided the check. Providing a bad check is what got you convicted. It's your responsibility. It's your fault. And accordingly, we would respectfully request that the court affirm the decision of the district court, remand the case with instructions to hold a hearing on the amount of attorney's fees to be awarded. Thank you. OK, thank you, Mr. Jordan. Mr. Hagenow, we'll give you a minute. I'll owe you time. If you have anything you'd like to say. Thank you, Your Honor. I just wanted to briefly address the motion for sanctions. This case hasn't been ongoing for a long time. But clearly, the dispute between Mr. White and NBI has been ongoing for a long time. However, this case is not frivolous. And this appeal is not frivolous. The plain language of Section 503, given the fact that this court and others have overruled its own rulings before, the fact that the Supreme Court has talked about how it is not the court's role to add additional elements to a cause of action to a particular statute in this particular situation, it's 503. There was absolutely a good faith basis to bring this lawsuit. It may prove to be unsuccessful. The trier of fact may find that, in fact, Mr. White caused his own harm. And he wasn't hurt as a consequence of anything that these bank officers and directors did. That does not make the case frivolous. The case was brought in good faith. So we would respectfully ask that the motion for sanctions be denied. That's all, Your Honor. Thank you. OK, well, thank you very much to both counsels.